IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Earnest Stewart Daise,
Petitioner

vs.

Jonathan Nance, Warden

Case No. 5:25-CV-14014-DCN-KDW

JAN 30 '26 AM 10:19
RCV'D - USDC FLO SC

## Motion For Leave to Supplement Argument

Petitioner moves for leave to supplement argument. Petitioner filed his Petition for Habeas Corpus on December 29, 2025, and his petition was transferred to the appropriate division and filed on January 6, 2026. A Memorandum in Support of Petition for Habeas Corpus was attached to the petition. Petitioner moves to supplement his issue number three (3).

### Supplemental Argument

"In making th[e prejudice] determination [under Strickland], a court hearing an ineffectiveness claim must consider the totality of the evidence before the ... jury." Strickland v. Washington, 466 U.S. 668, 695 (1984)(emphasis added). The PCR court should consider the strength of the state's case in light of all the evidence presented to the jury. See generally Jones v. State, 504 S.E.2d 822, 824 (1998)(" In deciding whether Jones was prejudiced, we must bear in mind the strength of the government's case ...," and "we must consider the totality of the evidence before the jury.").

In determining that Petitioner failed to establish prejudice, the PCR court simply found that because the South Carolina Court of Appeals held that the inadmissible testimony from Alleen Porter was harmless due to overwhelming evidence, Petitioner did not establish prejudice. PCR Order 25-26. The PCR court did not discuss what basis the objection to Frank Mullen's testimony that his daughter was in fear of Petitioner could have been raised for direct appeal. The court did not discuss State v. Garcia, 512 S.E.2d 507 (1999) which was a basis for trial counsel's argument to exclude Frank Mullen's hearsay testimony.

1

The court, also, did not discuss the standard of review on appeal. Some of the evidence listed as overwhelming evidence included... "Simmons testified he picked up Daise about a mile from Jeanine's and dropped him off near the tracks on Poppy Hill Rd. Further, when Daise was arrested, gunshot residue and traces of Jeanine's blood were found on his jeans. PCR order 26.

When state's witness, Jeffrey Crooks, was asked by defense counsel if he had an opinion with regard to whether the blood stain on Petitioner's jeans was put there by transference or splatter, he stated "It looked to me like it was transfer stains." Trial tr. 1780. In ruling on one of Petitioner's ineffective assistance of counsel claims, the PCR court found that "The foregoing testimony benifitted Applicant's case, and this Court finds counsel was not deficient for eliciting this testimony." PCR order 20.

State's gunshot residue expert testified that she "found a particle of gunshot residue on both of the front sides, as well as round lead particles on both -- both front leg and the front groin area." She also testified that she tested the pockets of the jeans and did not find any gunshot residue. Trial tr. 2333. She stated that she tested a hoody sweatshirt believed to be worn by Petitioner at the time of the incident and that she did not find any gunshot residue. Trial transcript 2343-2347. The Defense's gunshot residue expert testified that he has never seen any studies or done any studies where an officer is frisking or handling an individual and then collect samples "But I would expect, if he did have residue on his hands, it could transfer to the subject." Trial tr. 2427. Also, investigator Jody Hiers was cross examined by defense counsel and he was asked about how he pat down Petitioner for weapons while Petitioner was wearing the same jeans. Trial tr. 2270-2274.

When looking at the totality of the evidence presented to the jury as <u>Strickland</u> mandates, a court making the prejudice determination will see that the above mentioned evidence was hardly overwhelming. As stated above, the PCR court

2

found that Petitioner benifitted from counsel eliciting from State's witness that blood stain looked to be transference and not splatter. PCR order 20. The PCR court, however, then said it was overwhelming. Even though there was a perfectly reasonable explanation for the two gunshot residue particles found on Petitioner's jeans, the court ignored it and instead said it was overwhelming. Notably, investigator Hiers said he pat down Petitioner's pockets and one gunshot residue particle was found on each side of Petitioner's groin area. The jury could've easily presumed the gunshot residue may have been the result of transference. It is not as though gunshot residue was found on Petitioner's hands. It is not for the PCR court to only pick evidence favorable to the state's case when <u>Strickland</u> states that the court "must" consider the totality of the evidence before a jury.

The PCR court also mentioned Simmons's testimony. The South Carolina Court of Appeals found that "because Simmons gave inconsistent statements throughout his own trial testimony, he <u>effectively impeached his own credibility</u>." State v. Daise, 807 S.E.2d 710, 718 (2017)(emphasis added). Quite strikingly, the South Carolina Court of Appeals then went on to include the fact that Simmons stated he picked up petitioner as part of its overwhelming evidence to consider Alleen Porter's inadmissible testimony harmless. The only evidence that was overwhelming was Frank testifying his daughter was afraid of Petitioner, Alleen Porter testifying that Jeanine was "terribly afraid," and Alleen Porter's testimony of hearing Petitioner threaten to kill Jeanine and her kids, which the SC Court of Appeals found to be inadmissible under <u>Garcia</u>.

The PCR court not considering the totality of the evidence before the jury as mandated by <u>Strickland</u> was both contrary to clearly established federal law

3

and an unreasonable application of clearly established federal law. The PCR court's reliance on the South Carolina Court of Appeals faulty harmless error analysis was an unreasonable determination of the facts. If Simmons "effectively impeached" his own credibility, how can it then be considered as part of overwhelming evidence.

The state began its closing argument with the inadmissible threat followed by the inadmissible hearsay statements of fear highlighting the inescapably prejudicial nature of the testimonies of Frank Mullen and Alleen Porter. Trial tr, 2455.

## Conclusion

Petitioner respectfully asks the court to grant his motion to supplement his argument for his issue number 3. Petitioner asks that this motion and the argument above be considered as his supplement whereas no further filing of the argument shall be necessary.

Respectfully,

Ernest Stewart Wise

January 26, 2026